```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**DARRELL WAYNE STEPHENS**

        Plaintiff,

v.                                     No. 2:14-cv-17467

**CHIEF STEPHEN STEPHENS,
CORRECTIONAL OFFICER JOHN ALLEN,
CORRECTIONAL OFFICER TOM ALLEN,
and CORRECTIONAL OFFICER ROGER
HARRIS**

        Defendants.

## MEMORANDUM OPINION & ORDER

Pending before the court are the plaintiff's objections, filed November 4, 2015, to Magistrate Judge Dwane L. Tinsley's order denying without prejudice the plaintiff's motion for the appointment of counsel.[1]  Defendants responded to the plaintiff's objections on November 10, 2015.  The plaintiff filed a reply on November 23, 2015.

### I.   Factual Background

Plaintiff Darrell Wayne Stephens, acting pro se, brings this action for violation of his civil rights under 42

---

[1] The plaintiff styled his objections with reference to "the magistrate's report and recommendations" and the defendants likewise reference a report and recommendations in their response.  The plaintiff's objections are clearly addressed to the magistrate judge's order addressing various motions made by the plaintiff, decided October 21, 2015.  [ECF Docket #42].

U.S.C. § 1983. In his amended complaint, filed January 23, 2015, as supplemented by a memorandum the court has construed as a more definite statement of his claims, filed July 20, 2015, the plaintiff alleges that defendants used excessive force against him during an incident on December 4, 2013 and denied him adequate medical care while he was held at the West Virginia Holding Facility/County Jail in Wood County on January 17, 2014.

The plaintiff filed his motion requesting the appointment of counsel on September 21, 2015. The defendants filed a joint response opposing the motion on October 5, 2015. Based upon a review of the documents filed in this action, Judge Tinsley found that there are presently no exceptional circumstances warranting the appointment of counsel for the plaintiff. Accordingly, he denied the plaintiff's motion without prejudice.

In his initial motion and his objections to Judge Tinsley's order, the plaintiff sets forth several arguments in support of appointment of counsel. He argues that the case's complexity, his current incarceration in Ohio, and the potential for defense counsel to mislead him or otherwise evade discovery all militate in favor of appointed counsel. Specifically, the plaintiff claims that a dispute over the existence of video evidence can only be resolved by counsel, particularly due to

his incarceration. Defendants respond that they have not impeded discovery and point out that the plaintiff has had no difficulty prosecuting his case up to this point. In his reply, the plaintiff reasserts that discovery is complex and claims that counsel is necessary to investigate his claims.

## II. Legal Standard

Pursuant to Fed. R. Civ. P. 72(a), this court will modify or set aside a nondispositive order of the magistrate judge based on the timely objection of a party only if such order is clearly erroneous or contrary to law.

As recognized by the parties and the magistrate judge's order, the plaintiff has no constitutional or statutory right to counsel in this civil action. See Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975) (observing that "generally speaking no right to counsel exists in § 1983 cases"). The court has discretionary authority under 28 U.S.C. § 1915(e) to appoint counsel for an indigent civil litigant. Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968).[2] Failure to make such

---

[2] The court's statutory authority is limited to requesting counsel for a party and does not include compulsory appointment; however, courts have acknowledged that "judges are usually able to find lawyers willing to accede to such 'requests,' which as a practical matter therefore are appointments. . . ." Hughes v. Joliet Corr. Ctr., 931 F.2d 425, 429 (7th Cir. 1991). Like the

3

an appointment is an abuse of discretion in cases presenting "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984) (abrogated on other grounds by Mallard v. United States Dist. Court, 490 U.S. 296 (1989)). The two factors to consider in assessing whether a case presents exceptional circumstances are 1) the type and complexity of the case and 2) the abilities of the party requesting the appointment of counsel. Id.

### III. Discussion

Based on a review of the record, the court concludes that the magistrate judge's order declining to appoint counsel for the plaintiff was not clearly erroneous or contrary to law. The order identified the factors used to assess the presence of exceptional circumstances, and found based on an analysis of the complexity of the case and the plaintiff's abilities that appointment of counsel was not warranted at this time. Having reviewed these factors itself, the court can find no fault with the magistrate judge's analysis.

---

court in Hughes, this court uses the "familiar terminology" of appointment to refer to requests made under § 1915(e). See id.

4

First, there are currently no indications that this case presents issues of unusual factual or legal complexity. The plaintiff's claims are based on straightforward application of § 1983. While the plaintiff focuses on the complexity of discovery, the record thus far suggests no issues of unusual complexity. Second, the plaintiff's able submissions to the court belie the claim that he lacks the ability to handle discovery. To the extent his request for counsel is based on an allegation that defendants are being uncooperative, and assuming that were true, it is not clear that appointed counsel would be able to do more than plaintiff has done. In particular, the court notes that plaintiff successfully filed for and was granted a preservation order without the assistance of counsel.

As the case progresses, the plaintiff may renew his motion for the appointment of counsel. While there is currently no reason to believe that this case will present the exceptional circumstances justifying the appointment of counsel at any stage, it is possible that "the equities of the indigent plaintiff's request for counsel may well change." Pruitt v. Mote, 503 F.3d 647, 663 (7th Cir. 2007).

For the reasons discussed, the court agrees with the magistrate judge's assessment and finds that there are no exceptional circumstances justifying appointment of counsel at

the present time. The plaintiff's objections do not identify an error sufficient to support an order modifying or setting aside the magistrate judge's order. Accordingly, the court ORDERS that the plaintiff's objections be, and they hereby are, overruled. The magistrate judge's order will remain in effect.

DATED: December 11, 2015

Judge John T. Copenhaver, Jr.
United States District Judge