UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**DARRELL WAYNE STEPHENS,**

    **Plaintiff,**

v.   Case No. 2:14-cv-17467

**CHIEF STEVEN A. STEPHENS, et al.,**

    **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the plaintiff's all of the plaintiff's requests for declaratory and injunctive relief contained in his Second Amended Complaint (ECF No. 83). Furthermore, because the plaintiff's requests for declaratory and injunctive relief were brought against the defendants in their official capacities, and no monetary relief is sought against the defendants in their official capacities, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** all of the plaintiff's claims against the defendants in their official capacities.

## PROCEDURAL HISTORY

This matter is proceeding on the plaintiff's Second Amended Complaint (ECF No. 83), which alleges that the defendants used excessive force against the plaintiff and denied him adequate medical care while he was in their custody at the Wood County Holding Facility on December 4, 2013. The Second Amended Complaint further alleges that the defendants also failed to provide the plaintiff with adequate medical care on January 17, 2014, when he was temporarily in the defendants' custody during his transfer to the custody of the State of Ohio.[1]

At the time that the plaintiff filed his initial Complaint, he was in custody at the Noble Correctional Institution in Caldwell, Ohio. At the time the plaintiff filed the Second Amended Complaint, upon which this matter is now proceeding, he was in custody at the Pickaway Correctional Institution in Orient, Ohio. Thus, it appears that, throughout the course of this litigation, the plaintiff has not been incarcerated at the Wood County Holding Facility, which is where the actions giving rise to this civil action occurred.

The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

---

[1] The plaintiff alleges that he had been involved in an altercation with inmates at another facility just prior to his transfer to the Wood County Holding Facility and had obvious injuries that required treatment.

As noted in *Taylor*, well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.") For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's claims for declaratory and injunctive relief made in the Second Amended Complaint (ECF No. 83) must be denied as moot, and those claims, which are the only claims brought against the defendants in their official capacities, must be dismissed. This proposed ruling does not have any effect on the plaintiff's claims for monetary damages against the defendants in their individual capacities.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** all of the plaintiff's requests for declaratory and injunctive relief contained in his Second Amended Complaint (ECF No. 83). Furthermore, because the plaintiff's requests for declaratory and injunctive were brought against the defendants in their official capacities, and no monetary relief is sought against the defendants in their official capacities, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's claims against the defendants in their official capacities.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver,

United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

<u>May 19, 2016</u>

Dwane L. Tinsley
United States Magistrate Judge